UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CENTER FOR EVIRONMENTAL HEALTH**<br>2201 Broadway, Suite 508<br>Oakland, CA 94612<br><br>*Plaintiff,*<br><br>v.<br><br><br>**BRASKEM AMERICA, INC.**<br>1735 Market Street, 28th Floor<br>Philadelphia, PA 19103<br><br><br><br>*Defendant.* | Case No. 21-1724<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**Introductory Statement**

   1.   This is a citizen enforcement suit brought by the Center for Environment Health ("CEH") to redress and prevent ongoing violations of reporting requirements for chemical substances under the federal Toxic Substances Control Act ("TSCA").

   2.   Plaintiff CEH is a non-profit organization working to protect children and families from harmful chemicals in air, food, water and in everyday products. Its vision and mission are a world where everyone lives, works, learns and plays in a healthy environment; we protect people from toxic chemicals by working with communities, businesses, and the

1

government to demand and support business practices that are safe for human health and the environment. CEH is headquartered in Oakland, California.

3. Defendant Braskem America, Inc. ("Braskem"), is a manufacturer and importer of chemicals subject to reporting obligations under TSCA. Braskem is headquartered in Philadelphia, Pennsylvania.

4. Plaintiff files this Complaint pursuant to TSCA's citizen suit provision, section 20(a) 15 U.S.C. §2619(a), seeking declaratory and injunctive relief to remedy defendant's violations of TSCA and recovery of plaintiff's reasonable fees and costs.

5. Braskem has violated, and continues to violate, the Chemical Data Reporting ("CDR") rule promulgated by the Environmental Protection Agency ("EPA") under section 8(a) of TSCA by failing to report 43.4 million pounds of benzene that it imported during 2013-2015 for the 2016 CDR Update.

6. Benzene is a known carcinogen regulated by EPA and other agencies. Braskem's failure to report these large volume benzene imports is undermining EPA's efforts under TSCA to evaluate and address chemical risks and preventing the public from tracking the movement of unsafe chemicals in commerce and monitoring their presence in communities.

7. Braskem also imported large quantities of three other substances that were not reported for the 2016 CDR Update: naphtha, paraxylene, and toluene.

8. Braskem has failed to respond to a notice of violation from CEH. Accordingly, absent an order from this Court requiring reporting under the CDR rule, defendant will continue to be in non-compliance with TSCA.

**TSCA Citizens' Suit Provisions**

9. Under section 20(a)(1)(B) of TSCA, "any person may commence a civil action . . . against any person . . . who is alleged to be in violation of this Act . . . to restrain such violation."

10. Section 20(b)(1)(A) provides that no action to restrain a violation of TSCA may be commenced "before the expiration of 60 days after the plaintiff has given notice of such violation (i) to the Administrator and (ii) to the person who is alleged to have committed such violation."

11, Civil actions under section 20(a)(1)(B) of TSCA "shall be brought in the United States District Court for the district in which the alleged violation occurred or in which the defendant resides or in which the defendant's principal place of business is located . . .without regard to the amount in controversy or the citizenship of the parties."

6. Under section 20(c)(2), the court in an action to restrain a violation under section 20(a)(1) "may award costs of suit and reasonable fees for attorneys and expert witnesses if the court determines that such an award is appropriate."

## TSCA Provisions

7. TSCA was enacted in 1976 to create a national program for assessing and managing the risks of chemicals to human health and the environment. Among the goals stated in TSCA section 2(b), 15 U.S.C. §2601(b), are that: (1) "adequate information should be developed with respect to the effect of chemical substances and mixtures on health and the environment" and (2) "adequate authority should exist to regulate chemical substances and mixtures which present an unreasonable risk of injury to health or the environment."

8. The need for this comprehensive framework for managing chemical risks was described as follows in the Senate Report on the original law:

> As the industry has grown, we have become literally surrounded by a man-made chemical environment. We utilize chemicals in a majority of our daily activities. We continually wear, wash with, inhale, and ingest a multitude of chemical substances. Many of these chemicals are essential to protect, prolong, and enhance our lives. Yet, too frequently, we have discovered that certain of these chemicals present lethal health and environmental dangers.

Senate Rept. No. 94-698, 94th Cong. 2d Sess. (1976) at 3.

9. After a multi-year effort to overhaul and strengthen its key provisions, TSCA was amended by the Frank R. Lautenberg Chemical Safety for the 21st Century Act ("LCSA"), which took effect on June 11, 2016. These TSCA amendments enhance the chemical regulatory authorities in section 6 by establishing a new integrated process for (1) prioritizing chemicals, (2) conducting risk evaluations on high- priority chemicals and (3) promulgating rules under section 6(a) to eliminate unreasonable risks identified in risk evaluations. Congress set strict deadlines for each of these steps and directed EPA to address a minimum number of chemicals by these deadlines. It also removed the impediments to effective regulation created by eliminating any consideration of costs and other non-risk factors in determining whether chemicals present an unreasonable risk of injury and directing EPA to impose requirements "necessary so that the chemical no longer presents such [unreasonable] risk."

### Chemical Data Reporting Requirements under TSCA

10. TSCA section 8(a)(1) provides that EPA "shall promulgate rules" that require each person who manufactures or processes a chemical substance to submit such reports as the "Administrator may reasonably require." 15 U.S. C. § 2607(a). Because section 3(9) defines "manufacture" to include "importation," reports must be submitted by importers of chemical substances subject to these rules. The rulemaking authority under section 8 is a critical tool to collect the information on chemical use and exposure necessary for informed and effective risk evaluation and risk management.

11. In 2011, EPA promulgated the Chemical Data Reporting ("CDR") rule using its authority under TSCA section 8(a)(1). 40 C.F.R. Part 711. The rule is intended to support EPA's risk assessment and reduction efforts by providing basic information about the manufacturing, use and exposure profiles of chemicals in commerce. As the Agency explained in 2011, the new reporting requirements --

> will enhance the capabilities of the Agency to ensure risk management actions are taken on chemical substances which may pose the greatest concern. More in-depth reporting of the processing and use data, more careful consideration of the need for confidentiality claims, and adjustments to the specific data elements are important aspects of this action. By enhancing the data supplied to the Agency, EPA expects to more effectively and expeditiously identify and address potential risks posed by chemical substances and provide improved access and information to the public.

76 Federal Register 50818, 30819 (Aug. 16, 2011).

12. Under the rule, reporting is required for all chemicals manufactured or imported at a site in volumes of 25,000 pounds or more per facility in a given reporting year. For chemicals already regulated under certain TSCA provisions, the reporting threshold is set at 2,500 pounds per reporting year. Manufacturers and importers subject to the CDR must report every four years. A reporting cycle was completed in the fall of 2016, with reports due on October 31, 2016. For this CDR update, activities conducted in calendar years 2012-2015 determined the application of reporting requirements and the information to be reported.

13. Under the CDR rule, reports must be submitted using a "Form U." Separate forms must be filed for each manufacture or import site. The Form U must include import/manufacture volume for each of the last four years, the number of workers exposed and basic information about site operations. It must also include information about industrial, commercial and consumer uses of the substance at other sites and the potential for exposure associated with these downstream activities.

14. In expanding the scope of reporting to capture these data elements, EPA emphasized that this "exposure information is an essential part of developing risk evaluations and, based on its experience in using this information, the Agency believes that collecting this exposure information is critical to its mission of characterizing exposure, identifying potential risks, and noting uncertainties for [reportable] chemical substances." 76 Federal Register 50823.

15. Section 15 of TSCA provides that it is unlawful for any person to

"(1) fail or refuse to comply with any requirement of this title or any rule promulgated ... under this title; or ..... "(3) fail or refuse to ... submit reports, notices, or other information; ... as required by this Act or a rule thereunder;"

16. Persons who do not comply with the CDR rule "fail or refuse to . . . submit reports . . .as required by this Act or a rule thereunder" and thus act unlawfully under section 15. Non-compliance with the CDR rule therefore constitutes a "violation of this Act" subject to a citizens' suit under section 20(a)(1) of TSCA.

## Jurisdiction and Venue

17. CDR reports must be reported through EPA's Central Data Exchange (CDX), an electronic site used for submission of reports to the Agency which is maintained at EPA headquarters at 1200 Pennsylvania Avenue NW in Washington DC.

18. CDR reports are reviewed and analyzed by EPA's Office of Chemical Safety and Pollution Prevention ("OCSPP"), which is located at EPA headquarters.

19. Defendant's violations of the CDR rule accordingly occurred in the District of Columbia.

20. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §2619(a), under which citizens' suits to restrain violations of TSCA "shall be brought in the United States District Court for the district in which the alleged violation occurred."

21. Venue is proper in the District of Columbia under 28 U.S.C. §1391(b)(2) and 15 U.S.C. §2619(a), which provides that the district courts "shall have jurisdiction over suits brought under this section, without regard . . . to the citizenship of the parties" and "process may be served on the defendant in any judicial district in which the defendant resides or may be found."

**Plaintiff's Notices of Intent to Sue**

22. On February 17, 2021, plaintiff CEH sent by registered mail a notice of intent to sue under TSCA section 20(b)(1) to defendant Braskem and a similar notice to EPA Acting Administrator Jane Nishida.

23. These notices described with particularity defendant's violations of CDR requirements and provided the information called for in 40 CFR §702.62(b).

24. According to the signed receipts returned to plaintiff CEH, defendant Braskem received its notice on February 24, 2021 and EPA received its notice on March 1, 2021.

25. Defendant did not respond to plaintiff's notice of intent to sue.

26. EPA has not commenced an action under TSCA to require defendant to comply with CDR requirements under TSCA section 20(b)(1)(B).

**Defendant's Imports of Benzene during the 2011-2015 CDR Reporting Period**

27. From June 2013 to April 2015 Braskem received at least 5 shipments of benzene from Brazil. Five of the shipments were unloaded in Houston, Texas. These shipments totaled 43.4 million pounds.

28. Broken down by year, the benzene shipments were as follows:

*Benzene Imports: 5 shipments, 43.4 million pounds*

| Year | Exporter | Country | Importer | Pounds | Ports |
|------|----------|---------|----------|--------|-------|
| 2013 | Braskem | Brazil | Braskem | 6,737,326 | Houston, Texas |
| 2014 | Braskem | Brazil | Braskem | 30,227,580 | Houston, Texas |
| 2015 | Braskem | Brazil | Braskem | 6,479,385 | Houston, Texas |

29. No Form Us for these benzene shipments were identified in EPA's CDR database for the 2016 reporting cycle.

**Public Health Consequences of Failure to Report Benzene Imports under the CDR Rule**

30. Benzene is known to cause leukemia and other cancers of blood cells in humans, based on evidence from studies in both people and laboratory animals. It has been designated as a known human carcinogen by the International Agency for Research on Cancer, the National Toxicology Program and EPA.

31. Benzene is among the 20 most widely used chemicals in the United States. Benzene is commonly found in air in both urban and rural areas, and exposures are highest in communities near refineries, chemical plants and other industrial facilities.

32. State and federal agencies charged with protecting public health need complete and accurate information about the total amount of benzene produced and imported in the United States and how and where benzene is distributed and used. This information is also critical for communities exposed to benzene emissions and releases from industrial facilities.

33. CDR reporting is an essential tool for tracking the production and use of benzene and Braskem's failure to report large import shipments under the CDR rule weakens the ability of EPA and local communities to evaluate and protect against serious threats to health.

**Other Imported Chemicals Not Reported by Braskem under the CDR Rule**

34. CEH and its consultants also reviewed publicly available data on Braskem's imports of other chemicals from Brazil during 2013-2015 and identified three substances that were not reported for the 2016 CDR Update: naphtha, paraxylene, and toluene.

35. Import shipments and volumes for the three substances were as follows:

*Naphtha Imports: 1 shipment, 105.8 million pounds*

| Year | Exporter | Country | Importer | Pounds | Ports |
|---|---|---|---|---|---|
| 2013 | GM&T Switzerland/ Gazprom/ Sahara Energy Resource | Russia (via Murmansk) | Braskem | 105,825,236 | Houston, Texas; New York, New York; Newark, New Jersey; Wilmington, North Carolina |

*Paraxylene Imports: 1 shipment, 11.5 million pounds*

| Year | Exporter | Country | Importer | Pounds | Ports |
|---|---|---|---|---|---|
| 2013 | Braskem S.A. (UIB Camacari) | Brazil | Braskem | 11,572,064 | Charleston, South Carolina |

*Toluene Imports: 1 shipment, 4.6 million pounds*

| Year | Exporter | Country | Importer | Pounds | Ports |
|---|---|---|---|---|---|
| 2014 | Braskem S.A. (UIB Camacari) | Brazil | Braskem | 4,627,502 | Houston, Texas |

### **Claim for Relief**

36. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. Section 20(a)(1)(B) of TSCA authorizes any person to file suit in a United States district court against any person alleged be in violation of the Act to restrain such violation.

38. Plaintiff CEH provided notice to defendant Braskem and the EPA Administrator more than 60 days before filing this action, as required by TSCA section 20(b)(1).

39. As described in this notice, defendant Braskem imported 43.4 million pounds of benzene during 2013-2016 but failed to report these imports to EPA for the 2016 CDR Update in accordance with 40 CFR Part 720.

40. Defendant's benzene imports exceeded the 25,000-pound threshold for CDR reporting and are therefore reportable under the CDR rule.

41. Defendant also imported naphtha, paraxylene, and toluene during 2013-2015 in amounts above the reporting thresholds but failed to report these imports to EPA for the 2016 CDR Update in accordance with 40 CFR Part 720.

42. As the importer of these substances, defendant was and remains in violation of the CDR reporting requirements under 40 CFR §711.8.

43. These violations comprise "prohibited acts" under TSCA section 15 and represent "violations of this Act" for purposes of citizens' suits section 20(a)(1)(B).

44. The Court should order defendant to report its importsof the four unreported substances to EPA in compliance with the CDR rule and restrain defendant from any other ongoing violations of CDR reporting requirements.

## Request for Relief

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against defendant upon its claims and, further, requests that this Honorable Court enter judgment against defendant:

> (1) Declaring that defendant's failure to report benzene, naphtha, paraxylene, and toluene imports during 2013-2015  to EPA in 2016 was a violation of the CDR reporting requirements at 40 CFR Part 711, a "prohibited act" under

section 15 of TSCA and a "violation of this Act" actionable in a citizen's suit under section 20(a)(1)(B) of TSCA;

(2) Declaring that plaintiff has met the notice requirements and other prerequisites for relief under TSCA section 20;

(3) Ordering defendant to file Form Us with EPA for its imports of these four substances in compliance with CDR reporting requirements at 40 CFR Part 711;

(4) Ordering defendant to audit its manufacturing and import activities to identify any other ongoing violations of CDR reporting requirements and remedy such violations of CDR reporting requirements pursuant to TSCA section 20;

(5) Awarding plaintiff its costs of suit and reasonable fees for attorneys and expert witnesses in this action pursuant to 15 U.S.C. § 2619(c)(2); and

(6) Granting plaintiff such further and additional relief as the Court may deem just and proper.

Respectfully submitted this 28th day of June 2021.

> */s/ Robert M. Sussman*
> Robert M. Sussman
> SUSSMAN & ASSOCIATES
> 3101 Garfield Street, NW
> Washington, DC 20008
> (202) 716-0118
> Bobsussman1@comcast.net
>
> *Attorneys for Plaintiff*